# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00304-MR-DLH

| | | |
|---|---|---|
| **JUDESHIEA QUARLES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **C.W. WEEKS,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the Motion to Dismiss filed by the Defendant C.W. Weeks (hereinafter "Defendant") [Doc. 8]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of that motion [Doc. 18]; and the Defendant's Objections to the Memorandum and Recommendation. [Doc. 19].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the pending motion in the above-captioned action. On July 6, 2017, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 18], containing proposed conclusions of law in support of a recommendation that the Defendant's Motion to Dismiss be granted in part and denied in part. The parties were advised that any

objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service.  The Defendant timely filed his Objections to the Memorandum and Recommendation on July 20, 2017.  [Doc. 19].  The Plaintiff Judeshiea Quarles (hereinafter "Plaintiff") filed a Reply to the Defendant's Objections on August 3, 2017.  [Doc. 20].

In his Objections, the Defendant argues that the Magistrate Judge erred in concluding that the Plaintiff's Amended Complaint adequately stated claims under 42 U.S.C. §1983 and for malicious prosecution under state law. [Doc. 19 at 3]. The Defendant also objects to the Magistrate Judge's conclusion that the Amended Complaint contained sufficient allegations to support a punitive damages claims. [Id.] After careful consideration of the Memorandum and Recommendation, the Court finds that the Magistrate Judge's proposed conclusions of law are correct and consistent with current case law.  Therefore, Defendant's objections in this regard are overruled.

The Defendant also objects to the Magistrate Judge's failure to take "judicial notice" of certain certified public records, which the Defendant contends "conclusively establish [that] probable cause existed for the Plaintiff's arrest." [Id. at 4 and 5]. The Defendant argues that because the issue of probable cause for Plaintiff's arrest has already been judicially determined, the Court must dismiss the Plaintiff's claims. [Id. at 18 and 19].

2

The Defendant's argument in this regard is misguided. Contrary to Defendant's argument, the Magistrate Judge did take judicial notice of the arrest warrant, the audio recording of the probable cause hearing, the written finding of probable cause, and the Bill of Indictment. [Doc. 18 at 5, 6, and 7].[1] The Court's notice of the existence of these judicial records, however, does not bar the Plaintiff from challenging whether probable cause existed for his arrest. While the Defendant contends that these documents conclusively establish the existence of probable cause for Plaintiff's arrest, that is not the issue in this case. Rather, the pertinent inquiry is whether the Defendant obtained the arrest warrant by intentionally withholding or omitting information from the judicial officer that would have negated the finding of probable cause. The Magistrate Judge correctly analyzed this question pursuant to Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), and its progeny.

Defendant argues that even when analyzed under Franks that Plaintiff's Amended Complaint fails to state a claim because probable cause

---

[1] The Defendant also requested judicial notice of a transcript excerpt from Plaintiff's criminal trial, but did so in a footnote in his reply brief. [Doc. 16 at 16 n. 12]. Defendant argued the transcript excerpt showed probable cause existed for Plaintiff's arrest because the criminal charges were not dismissed at Plaintiff's criminal trial. [Id. at 16 and 17]. The Defendant's purpose for seeking judicial notice of the transcript excerpt was inapposite. Therefore, the Magistrate Judge correctly declined to take judicial notice of the transcript excerpt.

3

was subsequently established by Defendant's indictment. There is nothing before the Court at this stage, however, to show whether the information Defendant omitted from his presentation to the magistrate formed a part of the basis for any probable cause determination. Therefore, at this stage, dismissal would be improper. For these reasons, Defendant's objections in this regard are overruled.

After careful consideration of the Memorandum and Recommendation and the Defendant's Objections thereto, the Court finds that the Magistrate Judge's proposed conclusions of law are correct and consistent with current case law. Accordingly, the Court hereby overrules the Defendant's Objections and accepts the Magistrate Judge's recommendation that the Defendant's Motion to Dismiss be granted in part and denied in part.

**IT IS, THEREFORE, ORDERED** that the Defendant's Objections [Doc. 19] are **OVERRULED**; the Memorandum and Recommendation [Doc. 18] is **ACCEPTED**; and the Defendants' Motion to Dismiss [Doc. 8] is **GRANTED IN PART** and **DENIED IN PART** as follows:

> (1) The Defendant's Motion to Dismiss [Doc. 8] is **GRANTED** with respect to Plaintiff's state law claim asserted against Defendant in his official capacity; and
>
> (2) The Defendant's Motion to Dismiss [Doc. 8] is **DENIED** with respect to Plaintiff's remaining claims.

**IT IS SO ORDERED.**

Signed: September 29, 2017

Martin Reidinger
United States District Judge